

**M&G**

Myers & Galiardo, LLP | 52 Duane Street, 7Fl., New York, NY 10007 | 212-986-5900 | www.citylaw.nyc

Hon. Paul G. Gardephe                                      April 29, 2026
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

*MEMO ENDORSED*
*The application is denied.*

NOTICE OF MOTION: Transfer to Home Confinement

US v. Gulkarov et al (Rolando Chumaceiro), 22 CR 20 (PGG)

**SO ORDERED:**

*[signature]*

Paul G. Gardephe, U.S.D.J.

Dated: May 4 2026

Dear Honorable Gardephe:

We respectfully submit this motion requesting a transfer to home confinement in accordance with 18 U.S.C. 3624(c).

In June of 2025, the United States Department of Justice issued a directive to the Bureau of Prisons implementing the First Step Act and Second Chance Act. This policy outlined a strong directive to eliminate barriers and maximize the availability of home confinement to those who qualify for community release off The First Step Act and Second Chance Act.

The new policy sought to avoid wasting millions of taxpayer dollars, reducing the strain on bedspace especially for those in halfway houses who have alternative private housing awaiting them. This of course would reduce the strain on staffing and space for others. Lastly, and most importantly, many persons who remain for long periods in halfway houses may not have a private home or stable housing to go to. Dr. Chumaceiro has a private apartment to go to with his wife in Westchester County.

His present employment, where he is a teacher at a school, is only 15 minutes from his wife's apartment in Westchester. Mr. Chumaceiro has weekend passes to this apartment, however, his commute to and from work is extraordinarily inconvenient. Presently, it is taking Dr. Chumaceiro 90 minutes to commute each way to and from the halfway house via a Metro North train to White Plains, NY then he must take a bus to Ardsley, NY.

Mr. Chumaceiro was incarcerated at Camp Canaan in Pennsylvania for the entire stretch of his incarceration. He successfully completed all mandated programs. He had a spotless Bureau of Prisons disciplinary record.

Mr. Chumaceiro is classified as a minimum risk under PATTERN. His wife resides 15 minutes from his place of employment.

The request for transfer to home confinement is based upon the fact that Dr. Chumaceiro, who is gainfully employed, would have to travel only fifteen minutes each way to and from his job back to a condominium where his wife is presently residing. Presently he is commuting from his halfway house that is a 90 minute commute from his employment 'each' way.

Based on the fact that Mr. Chumaceiro has FSA Time Credits and the fact that he has stable housing makes his community reintegration seamless. He would be transferring to an extremely stable environment.

Lastly, Mr. Chumaceiro is completely non-violent. He has never put the public in danger as his case was completely non-violent. He has been fiscally responsibility throughout his entire life. The Second Chance Program is a perfect fit for Mr. Chumaceiro.

Mr. Chumaceiro's background, spotless BOP record, strong family ties, stable private housing, and immediate employment in New York by using his educational skills to teach others reflect a solid foundation for a person ready for immediate transferred to home confinement.

Thank-you for your consideration of this request.

Respectfully,
/s/Matthew D. Myers
Attorney for Dr. Chumaceiro

Cc: AUSA Mat Andrews